IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH GORDON,<br><br>  Plaintiff,<br><br>v.<br><br>SCHNUCK MARKETS, INC.<br><br>  Defendant. | Case No. 24-cv-1029-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Remand. Doc. 6. Defendant responded. Doc. 13. As explained further, Plaintiff's Motion is GRANTED.

Plaintiff filed suit in the Circuit Court of St. Clair County, Illinois on November 13, 2023, alleging that she slipped and fell on a liquid at Defendant's grocery store in Belleville, Illinois. Plaintiff is a citizen of Illinois; Defendant is a citizen of Missouri. Doc. 1-1, ¶1; Doc. 1, ¶9. Plaintiff served Defendant on January 2, 2024. Doc. 1-4, p. 1. On February 1, 2024, Defendant sent Requests to Admit to Plaintiff pursuant to Illinois Supreme Court Rule 216. Doc. 13, p. 2. The Requests consisted of three statements:

  a. Admit that the amount in controversy in this matter does not exceed $75,000.00, exclusive of interest and costs;

  b. Admit that Plaintiff will not seek more than $75,000.00 in damages in this case; and

> c. Admit that Plaintiff will not enforce any judgment in excess of $75,000.00, exclusive of interest and costs, in this case.

Doc. 13, p. 2.  Plaintiff objected that these statements were legal conclusions, not facts.  Doc. 1-2.  Defendant received Plaintiff's objections on March 4, 2024.  *Id*., p. 2.  Defendant then removed the case to this Court on April 3, 2024.  Doc. 1.

Plaintiff moves to remand, contending that Defendant missed its deadline for removal.  Section 1446 of the Code of Civil Procedure provides that removal shall take place "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the [Complaint]" but "if the case stated by the [Complaint] is not removable….within 30 days after receipt by the defendant…of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b).  Defendant contends that this case became removable "at the moment Plaintiff refused to verify that the amount in controversy here is less than $75,000.00."  Doc. 13, ¶17.

Defendant's argument is not well-taken.  Illinois Supreme Court Rule 216 allows litigants to serve requests for admissions "of any specific relevant fact."  Ill. S. Ct. R. 216.  Litigants may object in response to the requests.  *Id*.  Other than Rule 216, Defendant cites no authority (nor is the Court aware of any) that placed upon Plaintiff the duty to admit or deny whether she will ask the jury to award her more than $75,000.00.  The Court is not convinced that Defendant's Requests to Admit involved "specific, relevant fact[s]", but assuming *arguendo* that they do, and even if Plaintiff's objections were improper, and even if this Court deemed the "facts" admitted, then Plaintiff simply admitted that the amount in controversy *does not* exceed $75,000.00.  That hypothetical admission would not make the case removable.

As the removing party, Defendant bears the burden "of proving the propriety of removal;

doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).  Defendant provides the Court with no reasonable basis for finding that removal was timely because it occurred within 30 days of Plaintiff's objections to the Requests to Admit.  In her Complaint, Plaintiff states that as a result of her fall at Defendant's store, she has suffered past and future medical and hospital expenses, past and future emotional distress, pain and suffering, mental anguish, and past and future enjoyment of life.  Doc. 1-1, ¶18.  Plaintiff's prayer for relief requests judgment in excess of $50,000.00.  Plaintiff's Requests to Admit provided no more information to Defendant regarding the amount in controversy than Defendant already knew from the Complaint.  Accordingly, because Defendant did not remove this case within 30 days of service of the Complaint (or any other document that alerted Defendant to the removability of this case), Plaintiff's Motion to Remand is GRANTED.  This case is REMANDED to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED:   October 10, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**